UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CROSSROADS MALL REALTY HOLDING, LLC, a Michigan limited liability company in good standing<br><br>Plaintiff,<br><br>v.<br><br>KALAMAZOO COUNTY TRANSPORTATION AUTHORITY, KALAMAZOO COUNTY, and CENTRAL COUNTY TRANSPORTATION AUTHORITY<br><br>Defendants. | Case No. 1:23-cv-00478<br><br>HON. JANE M. BECKERING<br><br>**BRIEF IN SUPPORT OF DEFENDANTS, KALAMAZOO COUNTY TRANSPORTATION AUTHORITY, KALAMAZOO COUNTY, AND CENTRAL COUNTY TRANSPORTATION AUTHORITY'S MOTION TO DISMISS**<br><br>**Oral Argument Requested** |

| | |
|---|---|
| Reese Serra, Esq. (P74482)<br>William M. Donovan (P12892)<br>Mateusz Wozniak (P78554)<br>Serra Law Firm, PLLC<br>(dba The Private Firm)<br>Attorneys for Plaintiff<br>125 E Third St., Suite 100<br>Rochester, MI  48307<br>(248) 781-4501<br>info@thefirm.net | Allan C. Vander Laan (P33893)<br>Kristen L. Rewa (P73043)<br>Cummings, McClorey, Davis & Acho, PLC<br>Attorneys for Defendants Kalamazoo County Transportation Authority, Kalamazoo County and Central County Transportation Authority<br>2851 Charlevoix Drive SE, Ste. 203<br>Grand Rapids, Michigan 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>krewa@cmda-law.com |

_____

**REPLY IN SUPPORT OF DEFENDANTS KALAMAZOO COUNTY TRANSPORTATION AUTHORITY, KALAMAZOO COUNTY, AND CENTRAL COUNTY TRANSPORTATION AUTHORITY'S MOTION TO DISMISS**

# INDEX OF AUTHORITIES

## CASES

*Cedar Point Nursery* ............................................................................................... 3

*Cedar Point Nursery v. Hassid*,
   141 S. Ct. 2063, 210 L. Ed. 2d 369 (2021) ........................................................... 1

*D'Ambrosio v. Marino*,
   747 F.3d 378 (6th Cir. 2014) ................................................................................. 1

*Doe v. Bredesen*,
   507 F.3d 998 (6th Cir.2007) .................................................................................. 4

*Golf Village North, LLC v. City of Powell, Ohio*,
   14 F.4th 611 (6th Cir. 2021) ............................................................................. 1, 3

*Kropf v. City of Sterling Heights*,
   391 Mich. 139, 215 N.W.2d 179 (1974) ............................................................... 3

*Mekani v. Homecomings Fin., LLC*,
   752 F.Supp.2d 785 (E.D. Mich.2010) ................................................................... 4

*Nierman v. White's Motor Parts*,
   269 Mich. 608, 257 N.W. 751 (1934) ................................................................... 3

*PruneYard Shopping Ctr. v. Robins*,
   447 U.S. 74 (1980) ................................................................................................ 3

*Schulkers v. Kammer*,
   955 F.3d 520 (6th Cir. 2020) ................................................................................. 1

## COURT RULES

Fed.R.Civ.P.12(b)(6) ................................................................................................ 1

Contrary to Plaintiff's assertions, Defendants did not "unequivocally admit" to any facts. **(Pl Resp., ECF No.24, PageID.339)**. Rather, Defendants' brief accepted as true the factual allegations asserted in the Amended Complaint, as required by Fed.R.Civ.P.12(b)(6). *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).

Even accepting those allegations as true, Plaintiff has simply failed to state a viable takings claim or due process claim against any Defendant. A recent Sixth Circuit case illustrates the point. In *Golf Village North, LLC v. City of Powell, Ohio*, 14 F.4th 611, 618, 620 (6th Cir. 2021), a property owner of a residential development, which included private streets, asserted a takings claim and due process claim against a city when city vehicles—heavy construction trucks—used the plaintiff's private streets without permission to access a construction project on an adjacent city park property. *Id.*, at 615. The trial court dismissed the complaint because the plaintiff failed to allege that the city's use of the streets appropriated a right of access for the public to use the private streets or infringed on the plaintiff's right to exclude the public from its property. *Id.,* at 618, 620. In so doing, the Sixth Circuit interpreted and applied *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 210 L. Ed. 2d 369 (2021) in the same manner advanced by these Defendants in their motion to dismiss. Likewise, because the plaintiff property owner failed to adequately allege it was deprived of its right to exclude or its right to use and enjoy its property, the Sixth Circuit affirmed dismissal of the due process claim. 14 F.4th at 623 (citing *Schulkers v. Kammer*, 955 F.3d 520, 545 (6th Cir. 2020)).

Applying *Golf Village North* to this case, CCTA (or KCTA or Kalamazoo County) does not deprive Plaintiff of any rights because the allegations – use of private roads by the busses—does not expand the public's use of Plaintiff's private streets beyond what

1

Plaintiff has already permitted. Nor do the busses use' of the private streets deprive Plaintiff of its right to exclude the public from its property, should it choose to do so. 14 F.4th at 618.

Additionally, the Response fails to adequately address the Defendants' other arguments on the unavailability of a takings claim. Plaintiff's reference to the purchase agreement is unavailing. Notably, the portion of the purchase agreement cited in the Response does not specifically identify a takings or condemnation claim as part of the definition of "Real Property" conveyed to the buyer. Rather, the purchase agreement defines "Proceeds" as "any insurance proceeds *or condemnation awards payable to Seller on account of any Event.* (ECF No.24-1, PageID.362). An "Event" in turn, includes "any actual or threatened (to the extent that Seller has current actual knowledge thereof) taking or condemnation of all or any portion of the Property." (PageID.361). Based on this language, Plaintiff has failed to establish that it holds a contractual right to the assignment of any takings claim that may have existed for the prior property owner.

Moreover, Plaintiff concedes that it is *not* seeking compensation for any action that occurred in 2006 or 2014 –the time in which the bus shelter was allegedly placed at the mall.[1]  Thus, the only "wrongs" remaining are the allegations of "present harm or future conduct" for damage caused by buses driving through Plaintiff's property. That action

---

[1] Even without the statute of limitations issue, Plaintiff cannot challenge the placement of the bus shelter because **it is not on Plaintiff's property**. Rather, the bus shelter is located near the entrance to the JC Penny store on property held by Store 1982 LLC, which is affiliated with the JC Penny Corporation. See Plaintiff's Exhibit A, ECF No.24-1, PageID.389-393, parcel numbers listed at bottom of 393; see also tax parcel maps for JC Penny parcel 10-00009-182-O (6580 Westnedge), and Plaintiff's parcel 10-00009-180-O (6650 Westnedge) available at:
https://www.arcgis.com/apps/webappviewer/index.html?id=659542cd5d0c47ce9b8ad8c623499b81&extent=-9617703.5724%2C5116472.9416%2C-9440369.6667%2C5244428.5269%2C102100 (last visited Aug. 29, 2023)

sounds in tort, not takings. ***Golf Village North, supra.*** Defendants are immune from state tort claims, as discussed in Defendant's brief. (ECF No. 22-1, PageID.17-19).

Next, Plaintiff cites ***Kropf v. City of Sterling Heights***, 391 Mich. 139, 215 N.W.2d 179 (1974) and ***Nierman v. White's Motor Parts***, 269 Mich. 608, 257 N.W. 751 (1934) for generalized statements of law, but neither case concerns a takings claim or directly addresses when a takings claim arises. ***Krompf*** concerns the ability of a new land-owner to challenge the constitutionality (specifically, due process) of a pre-exiting zoning ordinance, not whether a *de facto* taking had occurred. 391 Mich at 157-158. ***Nierman*** does not even involve a governmental entity. 269 Mich at 608. Plaintiff's attempt to extend the quotations from ***Krompf*** and ***Nierman*** beyond what the U.S. Supreme Court jurisprudence permits for takings claims is an invitation to error.

The Response incorrectly argues that Plaintiff is entitled to discovery to "explore the relationship" between the three remaining Defendants because Plaintiff believes each Defendant is an agent of the other. (PageID.347). The argument fails because a local government cannot be sued on a § 1983 claim on a *respondeat superior* theory of liability. Moreover, the Complaint simply does not state well pleaded *factual* allegations against any Defendant, particularly in light of the holdings in ***Golf Village North, Cedar Point Nursery,*** and ***PruneYard Shopping Ctr. v. Robins***, 447 U.S. 74, 82 (1980) (citation omitted).

Finally, Plaintiff's response abandons Count II, the state constitutional tort claim, and Count V, Civil Conspiracy claim, by failing to address the arguments raised in Defendant's motion regarding these claims. (PageID.324-328). When a party fails to respond to an argument in a motion to dismiss, "the Court assumes he concedes this

3

point and abandons the claim." ***Mekani v. Homecomings Fin., LLC***, 752 F.Supp.2d 785, 797 (E.D. Mich.2010); see also ***Doe v. Bredesen***, 507 F.3d 998, 1007-08 (6th Cir.2007) (plaintiff abandoned claim by failing to raise it in response opposing government's motion to dismiss). As such, Defendants are entitled to dismissal of Count II and Count V.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Defendants Kalamazoo County Transportation Authority, Kalamazoo County, and Central County Transportation Authority ask this Honorable Court to grant their motion and dismiss this case with prejudice.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Dated: August 29, 2023

/s/ *Kristen L. Rewa*
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Attorneys for Defendants County of Kalamazoo,
Kalamazoo County Transportation Authority, and
Central County Transportation Authority

## CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT

Defendants, in compliance with LCivR 7.3(b)(i), used 1,028 words in their Reply Brief in Support of Defendants' Motion to Dismiss. Microsoft Word Office 365 is the word processing software used to generate the word count in the attached brief.

By: /s/ *Kristen L. Rewa*
Kristen L. Rewa (P73043)